**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

KULDEEP SINGH,                          )
                                        )
            Petitioner,                 )
                                        )
v.                                      )        Case No. CIV-26-310-J
                                        )
JOSHUA JOHNSON, et al.,                 )
                                        )
            Respondents.                )

### ORDER

Petitioner Kuldeep Singh, a noncitizen from India, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. The matter was referred to United States Magistrate Judge Amanda L. Maxfield consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Maxfield issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part; (2) order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release him; and (3) order Respondents to certify compliance by filing a status report within ten days of the Court's order [Doc. No. 11]. The parties were advised of their right to object to the Report and Recommendation by March 20, 2026. *Id.* at 12. Respondents filed a timely Objection [Doc. No. 12]. For the reasons discussed below, the Report and Recommendation is ADOPTED and the Petition is GRANTED to the extent it alleges Petitioner's lack of a bond hearing violates federal law.

## I.    Background

Petitioner is a citizen of India who entered the United States in approximately 2024 without admission or parole. [Doc. No. 1 ¶ 14, 40; Doc. No. 9 at 12]. In May 2024, Petitioner was detained according to a warrant issued under the Immigration and Nationality Act (INA). [Doc. No. 1 ¶ 40; Doc. No. 1-2]. Consequently, Immigration and Customs Enforcement (ICE) began removal

proceedings against Petitioner, alleging he was an alien present in the United States who had not been admitted or paroled.  [Doc. No. 9-3 at 1].  In August 2023, Petitioner filed a Form I-589 asylum application, seeking lawful residence in the United States.  *Id.*  In December 2025, ICE re-detained Petitioner "during a routine commercial truck inspection in Oklahoma."  [Doc. No. 1 ¶ 42].  Respondents contend Petitioner was properly re-detained under 8 U.S.C. § 1225(b)(2). [Doc. No. 9].  While housed at the Cimarron Correctional Facility in Cushing, Oklahoma, Petitioner filed his Petition, asserting that his continued detention without a bond hearing violates (1) the INA, and (2) his Fifth Amendment due process rights.[1]

## II.    Standard of Review

Although it was timely filed, Respondents' Objection does not trigger de novo review.  An objection that merely reiterates arguments previously presented to the magistrate judge, or that expresses general disagreement with the recommendation, is insufficient to require de novo review.  *E.g., Valle v. Jones*, No. CIV-25-1161-J, 2025 WL 3488290, at *2 (W.D. Okla. Dec. 4, 2025) (collecting cases); *see also Cisneros v. Gomez*, No. CIV-21-825-PRW, 2023 WL 2543435, at *1 (W.D. Okla. Mar. 16, 2023).  Here, Respondents concede the Objection "expressly reasserts . . . arguments set forth in the Response." [Doc. No. 12 at 1].  This does not trigger de novo review. *Sanchez-Gilly v. Noem*, No. CIV-26-139-J, 2026 WL 674200 (W.D. Okla. Mar. 10, 2026).

## III.    Analysis

Having determined that Respondents' Objection did not trigger de novo review, the Court reviews Judge Maxfield's Report and Recommendation only to "confirm that there is no clear error on the face of the record."  *Barnett v. Okla. State Reformatory*, No. CIV-25-248-J, 2025 WL

---

[1] Because the Court grants Petitioner relief under § 1226(a), it declines to address his constitutional claim.

2205827, at *1 (W.D. Okla. Aug. 4, 2025).  With that review, the Court ADOPTS the thorough and well-reasoned Report and Recommendation concluding that Petitioner's detention without a bond hearing violates the INA.  Even if the Court engaged in de novo review, this Court, and indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation.  *See Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026) (collecting cases); *Singh v. Bondi*, No. CIV-26-43-J, 2026 WL 483482, at *2 (W.D. Okla. Feb. 20, 2026).  Unless the Tenth Circuit or Supreme Court hold differently, the matter is well settled in this Court and further discussion is unwarranted.

## IV.    <u>Conclusion</u>

For the reasons above, the Report and Recommendation [Doc. No. 11] is ADOPTED and Petitioner's Petition for Writ of Habeas Corpus is GRANTED in so far as it finds Respondents violated the INA.  Accordingly, the Court ORDERS Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) or otherwise release Petitioner within seven days of this Order's date.  Respondents shall also certify compliance within ten days of this Order's date.

A separate judgment will enter.

IT IS SO ORDERED this 23rd day of March, 2026.

_____
BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

3